

**IN THE COURT OF CRIMINAL APPEALS
OF TEXAS**

NO. PD-0096-21

**EX PARTE JASPER ROBIN CHEN, Appellee**

NO. PD-0097-21

**THE STATE OF TEXAS
v.
JASPER ROBIN CHEN, Appellee**

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE FOURTEENTH COURT OF APPEALS
HARRIS COUNTY**

*Per curiam.*

**O P I N I O N ON REHEARING**

We grant rehearing on our own motion, withdraw our prior opinion issued on August

24, 2022, and substitute the following opinion of the Court.

Appellee was charged with harassment via electronic communications. *See* TEX.

PENAL CODE § 42.07(a)(7). He filed a pre-trial habeas writ application and motion to quash

the charging instrument, arguing the electronic harassment statute is facially unconstitutional and also unconstitutional as applied to him under the First Amendment. The trial court ruled that the statute is facially unconstitutional and granted relief. The State appealed[1], and a majority of the Court of Appeals held the statute to be unconstitutionally overbroad. *State v. Chen*, 615 S.W.3d 376 (Tex. App. – Houston [14th] 2020, pet. filed).

The State has filed a petition for discretionary review arguing that Appellee failed to meet his burden to show the statute is unconstitutionally overbroad and that the majority erred in its analysis. In *Ex parte Barton*, No. PD-1123-19, 2022 WL 1021061 (Tex. Crim. App. Apr. 6, 2022), and *Ex parte Sanders*, No. PD-0469-19, 2022 WL 1021055 (Tex. Crim. App. Apr. 6, 2022), we held a previous version of the statute, first adopted in 2001, constitutional on its face. *See* Acts 2001, 77th Leg., ch. 1222 (S.B. 139), § 1, eff. Sept. 1, 2001. Appellee's case is governed by the 2017 version of the electronic harassment statute. *See* Acts 2017, 85th Leg., ch. 522 (S.B. 179), §§ 13, 14, eff. Sept. 1, 2017.

The Court of Appeals in the instant case did not have the benefit of our decisions in *Ex parte Barton* and *Ex parte Sanders*. Accordingly, we grant the State's petition for discretionary review, vacate the judgment of the Court of Appeals, and remand this case to the Court of Appeals for further consideration in light of *Ex parte Barton* and *Ex parte Sanders*.

---

[1] In a unitary notice of appeal, the State appealed both from the trial court's order dismissing the information and from its order granting habeas corpus relief.

DELIVERED NOVEMBER 23, 2022

PUBLISH